**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Kevin M. Rumrill</u>

    v.                                           Civil No. 10-cv-292-LM

<u>Monro Muffler Brake, Inc.</u>
<u>d/b/a Tire Warehouse</u>

**<u>O R D E R</u>**

Plaintiff Kevin Rumrill has sued his former employer, Monro Muffler Brake, Inc. ("Monro") in two counts, asserting claims for wrongful termination and violation of New Hampshire's Whistleblowers' Protection Act, N.H. Rev. Stat. Ann. ("RSA") § 275-E. Rumrill was a long-time employee of Tire Warehouse Central, Inc. ("TWC"). On October 4, 2009, Monro acquired TWC. Rumrill alleges Monro terminated him in retaliation for his having raised concerns about the failure to pay overtime to employees who attended a meeting Munro held on September 30, 2009, a few days before the October 4 change in ownership. Monro moves for summary judgment, arguing that because Rumrill was employed by TWC, and not Monro, at the time he raised his concerns, Monro cannot be found liable for either Rumrill's wrongful discharge or whistleblower claims. Monro further argues that because Rumrill was not aware at the time he raised

concerns whether TWC or Monro had a legal obligation to provide overtime pay to employees, Rumrill's claims are foreclosed.  The court disagrees and finds, for the reasons outlined in Rumrill's objection and memoranda, there are material facts in dispute on both claims from which a jury could reach a verdict in Rumrill's favor.

One issue is worthy of elaboration.  In support of its motion for summary judgment on the whistleblower claim, Monro relies on a New Hampshire Supreme Court decision holding that an employer's liability under the Whistleblowers' Protection Act attaches only where the employee is a "current employee" of the employer.  See In re Northeast Rehab. Hosp., 149 N.H. 83, 86, 816 A.2d 970, 972 (2003).  While the holding of that case appears at first blush to foreclose Rumrill's whistleblower claim, the court is not persuaded that the holding of that case applies here.  In Northeast Rehab., the plaintiff employee alleged that defendant employer took adverse action against her as a result of protected conduct that she had engaged in the past, while she had been employed by a different employer.  Id. at 84.  Under the facts of that case, the plaintiff did not fall under the definition of "employee" in the statute:  "'Employee' means and includes every person who may be permitted, required,

or directed by any employer, in consideration of direct or indirect gain or profit, to engage in any employment . . . ." RSA 275-E:1, I.  The court looked beyond the definitional section to conclude that the present-tense language of the statute imposed liability only where the aggrieved employee engaged in the protected conduct while employed by the defendant employer.  Id.

The definition of "employee" has not changed since the decision in Northeast Rehab.  While the phrase "any employment" is not defined, the term "employer" is defined broadly to include "any person acting in the interest of an employer directly or indirectly."  RSA 275-E:1, II.  As acknowledged by the court in Northeast Rehab., questions of law under the statute are to be resolved "in a way that best effectuates the manifest purposes of the act, namely, to encourage employees to come forward and report violations without fear of losing their jobs and to ensure that as many alleged violations as possible are resolved informally within the workplace."  Northeast Rehab., 149 N.H. at 86.

Here, Rumrill has a far stronger argument that he qualifies as an "employee" under the statute.  Construed in his favor, the facts show that: (a) Monro sent a memorandum to all TWC

3

employees encouraging them to attend the September 30 meeting; (b) the memorandum was written in a way that can reasonably be construed as requiring attendance for TWC employees who were interested in making the transition to Monro; (c) the memorandum indicated that the purchase of TWC would occur on October 3 and the business would re-open on October 5 as Monro; and (d) TWC executives were assisting the Monro executives with the transition.  Rumrill could reasonably have concluded from the memorandum that, in order to get hired and paid by Monro, he was required (or at least directed) to attend the September 30 meeting.  Even though TWC was technically still Rumrill's employer on September 30, a jury could reasonably conclude that TWC was "acting in the interest" of Monro with respect to the September 30 meeting.  Unlike the facts in Northeast Rehab., the plaintiff here can make a colorable argument that, for purposes of the Whistleblowers' Protection Act, he was an "employee" of Monro at the time of his protected conduct.  The court finds that there are material facts in dispute sufficient to allow the jury to determine whether Rumrill was an employee under the statute.

In sum, the court finds for the reasons stated herein, as well as in Rumrill's objection and memoranda, that there are

material facts in dispute on both Rumrill's wrongful discharge and whistleblower claims such that summary judgment would be inappropriate. For these reasons, Monro's motion for summary judgment (doc. no. 26) is denied.

    SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

December 7, 2011

cc:   Heather M. Burns, Esq.
      Lauren S. Irwin, Esq.
      Debra Weiss Ford, Esq.